829 F.2d 43
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jessie BLAIR, Petitioner,
v.
VETERANS ADMINISTRATION, Respondent.
 Appeal No. 87-3168.
 United States Court of Appeals, Federal Circuit.
 Aug. 19, 1987.
 
 Before DAVIS, NEWMAN and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the full Merit Systems Protection Board (MSPB or Board), MSPB Docket No. DC07528210877, refusing to review petitioner's removal from her position with respondent, is affirmed.
 
 OPINION
 
 2
 Ms. Blair, a Secretary/Typist with the Veterans Administration, was removed on charges of absence without leave, disrespectful conduct, and use of insulting and abusive language. She appealed to the MSPB and her removal was upheld by the presiding official on the basis of the documentary evidence (petitioner withdrew her request for an oral hearing). Petitioner did not file a petition for review by the full Board until more than three years after the presiding official's determination (the proper time limit is 35 days). The full Board held that petitioner had failed to show good cause for the enormous delay in the filing of her petition for review. That petition was dismissed as untimely. The appeal to this court followed.
 
 
 3
 It is far too late to seek review here of the presiding official's decision which became final in March 1983, some four years before the appeal to this court was actually filed. (The time limit for such a direct appeal of the initial decision directly to this court is 30 days.) Accordingly, the merits of Ms. Blair's removal are not and cannot be before us.[1] The only question properly before us is the propriety of the full Board's determination that good cause had not been shown for petitioner's delayed petition for review by the full Board. In view of her major delay (some three years) and the skimpy reasons she gives for the protracted delay, it is impossible for us to conclude that the full Board abused its discretion in refusing to find good cause for that lengthy delay.
 
 
 
 [1]
 Petitioner's briefs in this court are almost entirely devoted to the merits of her removal